# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Roy Wisotzkey,**
**Petitioner Below, Petitioner**

**vs.)   No. 17-0773** (Berkeley 17-C-348)

**Ralph Terry, Acting Warden,**
**Mt. Olive Correctional Center,**
**Respondent Below, Respondent**

**FILED**

**April 9, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Roy Wisotzkey, appearing pro se, appeals the August 15, 2017, order of the Circuit Court of Berkeley County denying his petition for writ of habeas corpus. Respondent Ralph Terry, Acting Warden, Mt. Olive Correctional Center, by counsel Shannon Frederick Kiser, filed a summary response in support of the circuit court's order.[1] Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in denying habeas relief.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Following a jury trial in August of 2013, petitioner was convicted of felony murder, first-degree robbery, conspiracy, and burglary. Petitioner was sentenced to life imprisonment, with parole eligibility for felony murder; fifty years of incarceration for first-degree robbery; not less than one nor more than five years for conspiracy; and not less than one nor more than fifteen years for burglary. The felony murder and robbery sentences were ordered to run consecutively to each other and concurrently to the sentences for conspiracy and burglary. Petitioner appealed his conviction and this Court affirmed the trial court's rulings. *See State v. Wisotzkey*, No. 13-1240, 2014 WL 6607462 (W.Va. Nov. 21, 2014)(memorandum decision).

---

[1]Petitioner originally listed David Ballard as respondent to this action. However, Ralph Terry is now the acting warden at the facility in question. Accordingly, the proper public officer has been substituted pursuant to Rule 41(c) of the Rules of Appellate Procedure.

1

In May of 2016, petitioner filed a pro se petition for writ of habeas corpus. The circuit court appointed habeas counsel and permitted counsel to file an amended petition. Counsel filed the amended petition and a *Losh*[2] list alleging thirteen assignments of error. Thereafter, the circuit court summarily dismissed the amended petition. Petitioner did not appeal that decision.

In July of 2017, petitioner filed a second petition for writ of habeas corpus alleging ineffective assistance of habeas counsel. The circuit court found that the record was adequately detailed to proceed without a hearing on the petition. Ultimately, the circuit court found that petitioner was not entitled to relief and denied the petition without further proceedings by its August 15, 2017 order. Petitioner appeals from that order.

We apply the following standard of review in habeas appeals:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W.Va. 411, 787 S.E.2d 864 (2016).

On appeal, petitioner argues that the circuit court erred by denying his second petition for writ of habeas corpus based on the alleged ineffective assistance of petitioner's first habeas counsel. Petitioner asserts that the circuit court erred in (1) concluding that habeas counsel was adequately prepared for the first habeas proceeding; (2) concluding that petitioner offered no evidence establishing how habeas counsel's performance was deficient; and (3) increasing the burden of proof by requiring petitioner to show what evidence would have been discovered, but for petitioner's ineffective counsel. Respondent argues that petitioner fails to prove that his habeas counsel rendered ineffective assistance of counsel under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and that the appeal should be denied. We agree with respondent.

We review ineffective assistance of counsel claims as follows:

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

---

[2]*Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981).

Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). Furthermore,

> [i]n reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue.

*Id.* at 6-7, 459 S.E.2d at 117-18, Syl. Pt. 6.

On appeal, petitioner's argues that his first habeas counsel was ineffective and the circuit court erred in finding that counsel was adequately prepared. Petitioner argues that the circuit court's order stating that many of petitioner's habeas claims were a "mere recitation of grounds without factual support" is proof of counsel's ineffectiveness. Petitioner asserts that this is evidence enough to show that his habeas counsel was deficient. Petitioner must show that "[c]ounsel's performance was deficient under an objective standard of reasonableness." *Miller*, 194 W.Va. at 6, 459 S.E.2d at 117. Denial of a petition alone, however, is not enough to show that counsel's performance was deficient under an objective standard of reasonableness.

Petitioner emphasizes that he was appointed counsel for his first pro se petition because his claims were meritorious and that the dismissal after appointment of counsel was the fault of counsel. Yet, petitioner's counsel asserted the same claims from petitioner's pro se petition and the petition was still denied. Petitioner claims that his counsel did not review the record, yet the amended petition includes a detailed recitation of facts apparently written by counsel. Further, petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Miller*, 194 W.Va. at 6, 459 S.E.2d at 117. Petitioner asserts that the circuit court would have granted habeas relief if he was adequately represented. Again, however, petitioner states no basis other than denial of the petition was the effect of ineffective assistance of counsel. Accordingly, we find that the circuit court did not err in denying petitioner's second petition.

Further, petitioner argues that the circuit court erred in denying his petition because he received ineffective assistance of habeas counsel. Specifically, petitioner claims that his attorney's representation was deficient because (1) habeas counsel failed to allege ineffective assistance of appellate counsel for a failure to raise certain errors on direct appeal; (2) habeas counsel failed to adequately investigate and brief certain claims; and (3) petitioner was "duped" into signing a *Losh* list. However petitioner also raised these arguments in his petition below, the circuit court thoroughly addressed these claims in its order denying petitioner's second petition for habeas relief. The circuit court's order includes well-reasoned findings and conclusions as to the assignment of error concerning ineffective assistance of counsel now raised on appeal, and we find no error or abuse of discretion in the circuit court's denial of petitioner's amended petition. Because we find no clear error or abuse of discretion in the circuit court's order or record before us, we hereby adopt and incorporate the circuit court's findings and conclusions as they relate to

3

petitioner's assignment of error raised on appeal and direct the Clerk to attach a copy of the circuit court's August 15, 2017, "Order Dismissing Petition for Writ of Habeas Corpus" to this memorandum decision.

For the foregoing reasons, we affirm the circuit court's August 15, 2017, order denying petitioner's instant petition for writ of habeas corpus.

Affirmed.

**ISSUED**: April 9, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

4



/s/ Michael Lorensen
Circuit Court Judge
Ref. Code: 1702ZNOB

E-FILED | 8/15/2017 11:15 AM
CC-02-2017-C-348
Berkeley County Circuit Clerk
Virginia Sine

### In the Circuit Court of Berkeley County, West Virginia

Roy Wisotzkey,                                )
Plaintiff,                                          )
                                                       )
                                                       )
vs.)                                                )          Case No. CC-02-2017-C-348
                                                       )
                                                       )
David Ballard, Warden,                   )
Defendant                                       )
                                                       )

### ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is the Petition for Writ of Habeas Corpus filed by Petitioner Roy Wisotzkey ("Petitioner" or "Defendant"), acting *pro se*, on July 25, 2017. For the reasons set forth below, the Petition for Writ of Habeas Corpus is denied and dismissed pursuant to W. Va. Code § 53-4A-3.

On August 7, 2013, Petitioner was convicted by a Berkeley County Petit Jury of felony murder with mercy, robbery, conspiracy to commit robbery, and burglary. On November 4, 2013, Petitioner was sentenced to life in prison with parole eligibility in fifteen years for felony murder, fifty years of imprisonment for robbery, not less than one or more than five years of imprisonment for conspiracy to commit robbery, and not less than one or more than fifteen years of imprisonment for burglary. The felony murder and robbery sentences were ordered to run consecutively to each other and concurrently to the sentences for conspiracy to commit robbery and burglary. With assistance of counsel, Defendant filed a direct appeal to the West Virginia Supreme Court of Appeals. However, on November 21, 2014, the Supreme Court of Appeals issued a Memorandum Decision affirming the trial court's rulings.

On May 9, 2016, Petitioner, acting *pro se*, filed his first Petition for Writ of Habeas Corpus. Subsequently, Matthew T. Yanni, Esq., was appointed as habeas counsel. With Mr. Yanni's assistance, Petitioner amended the first Petition and submitted it for the Court's

consideration. On November 30, 2016, this Court denied Petitioner's first Petition for Writ of Habeas Corpus. Subsequently, Petitioner filed a Motion for Reconsideration of Denial of Habeas Corpus Relief, which was denied. On July 25, 2017, Petitioner filed the instant second Petition for Writ of Habeas Corpus, alleging that Mr. Yanni had provided ineffective assistance of counsel during the first habeas proceeding, in violation of the Sixth Amendment of the U.S. Constitution and Article III, § 14 of the West Virginia Constitution.

Circuit courts have the discretion to deal with habeas corpus allegations in several different ways, including summary dismissal.*Markley v. Coleman*, 215 W. Va. 729, 733 (2004). The West Virginia Supreme Court of Appeals has held that:

> A court having jurisdiction over habeas corpus proceedings may [summarily dismiss] a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.

*Id.* Therefore, the Court's duty upon reviewing the Petition is to determine whether Petitioner alleged sufficient facts to warrant the appointment of counsel and a hearing. If sufficient facts are not pled, then "the court shall by order entered of record refuse to grant [the] writ, and such refusal shall constitute a final judgment." W. Va. Code § 53-4A-3.

The Court finds that the present record is adequate to dispose of the Petition, which consists of allegations of ineffective assistance of the habeas counsel appointed to Petitioner's first habeas proceeding. Ineffective assistance of counsel claims are governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984):

1. Counsel's performance was deficient under an objective standard of reasonableness; and

2. [T]here is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

*State v. Miller*, 459 S.E.2d 114 (1995). "[T]he burden is on the defendant to prove ineffective

assistance by a preponderance of the evidence." *State v. Hatfield*, 169 W.Va. 191, 209, 286 S.E.2d 402, 413 (1982).

Petitioner challenges his habeas counsel's handling of the mental incompetency claim in the first habeas petition. Specifically, Petitioner contends that his habeas counsel failed to investigate the mental incompetency claim and that, as a result, insufficient facts were alleged in the first petition to support the mental incompetency claim, causing the claim to fail. To support his contention, Petitioner points to this Court's order denying and dismissing the first petition, which states that Petitioner alleged "insufficient facts to support his [mental incompetency] claim." Despite Petitioner's argument, a review of Petitioner's case history reveals that Petitioner's habeas counsel adequately prepared for the first habeas proceeding. Moreover, Petitioner offers no evidence establishing how his habeas counsel's performance was deficient, nor does he offer any evidence that his habeas counsel would have discovered upon further investigation that would support the mental incompetency claim. Therefore, Petitioner fails to plead sufficient facts to support his bald allegation that his habeas counsel did not properly investigate or brief his mental incompetency claim.

Similarly, Petitioner argues his habeas counsel failed to investigate his coerced confession claim and that, as a result, insufficient facts were alleged in his first habeas petition to support the coerced confession claim, causing the claim to fail. However, like Petitioner's first argument, this argument lacks sufficient factual support. Petitioner offers no evidence establishing how his habeas counsel's performance was deficient or what evidence habeas counsel would have discovered upon further investigation. Therefore, Petitioner fails to plead sufficient facts to support his bald allegation that his habeas counsel failed to properly investigate and brief his coerced confession claim.

Petitioner further argues that his habeas counsel improperly raised three grounds for

relief in the first petition. Specifically, Petitioner argues that "Ground Seven (7) Constitutional errors in Evidentiary Rulings, . . . Ground Eight (8) Instructions to the Jury, and Ground Eleven (11) Sufficiency of the Evidence" should not have been raised because they were frivolous. However, "[t]he test [for a counsel's] ineffectiveness has little or nothing to do with what the *best* lawyers would have done. Nor is the test even what most good lawyers would have done." *Tex S. v. Pszczolkowski*, 236 W. Va. 245, 254 (2015) (emphasis in original). Instead, the test is what a *reasonable* lawyer would have done. *Id.* In the instant case, although Petitioner alleges that three of the thirteen grounds for relief asserted in the first petition were frivolous, he provides no evidence that the grounds were raised in bad faith or that the grounds lacked any arguable basis in fact or law. Furthermore, Petitioner offers no evidence that his habeas counsel's actions were unreasonable or that, but for the three allegedly frivolous grounds for relief, the Court's decision to dismiss the petition would have been different.

Finally, Petitioner argues that his habeas counsel "duped" him into signing the *Losh* list and then filed an inadequate petition without Petitioner's knowledge or consent. A *Losh* list is submitted pursuant to *Losh v. McKenzie*, 166 W. Va. 762 (1981), and identifies which grounds for relief a habeas petitioner is pursuing and which are being waived. In the present case, Petitioner does not explain how habeas counsel duped him into signing the *Losh* list, and his argument contradicts the record. On his *Losh* list, Petitioner clearly checked and initialed each of the waived grounds for relief. Then, after identifying the waived grounds for relief, Petitioner signed a certificate stating:

> My attorney has advised me that I should raise each and every ground which I feel may entitle me to habeas corpus relief. He has further advised me that any grounds not so raised are waived by me and may not ever be raised in State Court. I do not wish to raise any of the grounds initialed above, and knowingly waive them.

While Petitioner implies that he waived grounds for relief in the *Losh* list that he did not wish to

waive, Petitioner fails to specify which grounds he did not wish to waive or which of the waived grounds may have been meritorious. Therefore, Petitioner fails to plead sufficient facts to support his bald allegation that his habeas counsel duped him into signing the *Losh* list and filed an inadequate petition.

In conclusion, the core of the Petition appears to assert that, because the Court denied Petitioner's first habeas petition, Petitioner's habeas counsel must have been ineffective. The Court does not agree. Habeas counsel cannot be found ineffective simply because a habeas petition is found unsuccessful, and Petitioner has not shown that his habeas counsel's performance fell below an objective standard of reasonableness or that, but for habeas counsel's alleged errors, the first habeas petition would have been successful. Because it is clear from the record that Petitioner is not entitled to any relief for his claims and that neither the appointment of counsel nor a hearing would aid the Court, the Petition for Writ of Habeas Corpus is denied and dismissed pursuant to W. Va. Code § 53-4A-3.

The Clerk shall enter this written order dated as directed below and shall transmit attested copies to all counsel and *pro se* parties of record.

**/s/ Michael Lorensen**
Circuit Court Judge
23rd Judicial Circuit

Note: The electronic signature on this order can be verified using the reference code that appears in the upper-left corner of the first page. Visit www.courtswv.gov/e-file/ for more details.